UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WPIX, INC., WNET.ORG, AMERICAN BROADCASTING COMPANIES, INC., DISNEY ENTERPRISES, INC., CBS BROADCASTING INC., CBS STUDIOS INC., THE CW TELEVISION STATIONS INC., NBC UNIVERSAL, INC., NBC STUDIOS, INC., UNIVERSAL NETWORK TELEVISION, LLC, TELEMUNDO NETOWRK GROUP LLC, NBC TELEMUNDO LICENSE COMPANY, OFFICE OF THE COMMISSIONER OF BASEBALL, MLB ADVANCED MEDIA, L.P., COX MEDIA GROUP, INC., FISHER BROADCASTING-SEATTLE TV, L.L.C., TWENTIETH CENTURY FOX FILM CORPORATION, FOX TELEVISION STATIONS, INC., TRIBUNE TELEVISION HOLDINGS, INC., TRIBUNE TELEVISION NORTHWEST, INC., UNIVISION TELEVISION GROUP, INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, TELEFUTURA NETWORK, WGBH EDUCATIONAL FOUNDATION, THIRTEEN, and PUBLIC BROADCASTING SERVICE,<br><br>                    Plaintiff,<br><br>    v.<br><br>IVI, INC. and TODD WEAVER,<br><br>                    Defendants. | Docket No. 10 Civ. 7415 (NRB) |

## IVI, INC. AND WEAVER'S REPLY IN SUPPORT OF MOTION TO TRANSFER AND DISMISS

The Plaintiffs agree with Weaver and ivi that the issue of transfer must first be resolved by the Western District of Washington. If that court decides to retain the overlapping parallel action that was first filed by ivi, then this action must be transferred because it is duplicative and

1

would lead to inconsistent results. Though there are additional parties in this action, they do not dispute that they could have filed this action in Seattle and that this action is transferrable.

Even if this action is not transferred, the claims against Mr. Weaver should be dismissed. He has no contacts with New York, and the allegations against him do not support the exercise of personal jurisdiction in this district.

## I.  THIS ACTION SHOULD BE TRANSFERRED

The Plaintiffs first advance an argument regarding the Plaintiff's choice of forum, then address the other factors regarding whether this case should be transferred. The initial issue concerning the application of the first-filed rule, however, must be decided by the Western District of Washington. The Plaintiffs do not dispute this fundamental premise and the controlling authority in the Second and Ninth Circuits to the effect that, because the case was first filed in Washington, the Washington court must resolve the question of whether to apply the first-filed rule. If the Western District of Washington retains the case, this action must likewise be transferred. Even if there is not a perfect overlap of parties, the issues are identical and the allegations are identical. This Court and other courts have routinely transferred actions that are not completely identical but which have overlapping facts, parties, and witnesses with a case pending in another court. *In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 398-99 (S.D.N.Y. 2007) (citing cases).  In the interests of judicial administration and conservation of resources, only one case can proceed. *Adam v. Jacobs*, 950 F.2d 89 (2d Cir. 1991). This compelling factor controls the issue of transfer, and this action must be transferred if the parallel case is not dismissed in Washington.

## II.  WEAVER SHOULD BE DISMISSED

In the event this action is not transferred, Mr. Weaver should be dismissed for lack of personal jurisdiction in New York. The complaint only alleges that Mr. Weaver is ivi's founder and chief executive officer and that he is "personally responsible for the operation of the infringing ivi service." Complaint at ¶40. These terse allegations are insufficient to support the

exercise of personal jurisdiction over Mr. Weaver, who has not been to New York since the formation of ivi and who has no personal contacts with the state whatsoever.

A general allegation that an officer "controls" a corporation or is "personally responsible" for its actions is not sufficient to establish personal jurisdiction. *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 647 (S.D.N.Y. 2008). Courts in this district have "routinely granted 12(b)(2) motions for lack of personal jurisdiction where the plaintiff made only broadly worded and vague allegations about a defendant's participation in the matter at hand." *Karabu Corp. v. Gitner*, 16 F.Supp.2d 319, 324 (S.D.N.Y. 1998). The Plaintiffs have alleged even less in this case, stating only that Mr. Weaver is "personally responsible" for ivi's conduct. There are no allegations regarding Mr. Weaver's alleged role, his conduct, the manner in which he allegedly controlled ivi, or any other facts that might remotely relate to personal jurisdiction. Without such specific factual allegations, Mr. Weaver must be dismissed.

The Plaintiffs contend that a corporate officer of a small company can be subject to personal jurisdiction if he personally supervised the infringing activity and has a personal financial interest in the activity. The complaint, however, contains no such allegations. The complaint alleges neither that Mr. Weaver participated in or supervised the specific accused activity, nor what acts Mr. Weaver allegedly did that demonstrate his responsibility. It likewise makes no mention of any supposed financial interest Mr. Weaver may have in the outcome.

The Plaintiffs cite authority supporting jurisdiction where the officer "directed and controlled the actions of the Defendant" and "had authorized, controlled, and directed his corporation to copy the copyrighted items." Plaintiffs Brf. at p. 17 (citing cases). But the complaint in this action does not contain these assertions. It does not allege that Mr. Weaver directed and controlled any actions, let alone the particular conduct attributed to Mr. Weaver that is alleged to infringe copyrights.

The Plaintiffs further contend that Mr. Weaver's high ranking in a small company implies a financial benefit. Yet again, the complaint does not allege even this much. It is silent as to the

size of the company and any implication that might be drawn with respect to a financial benefit. Indeed, the Plaintiffs have previously argued that ivi has made no money at all, and that allegation is squarely at odds with the current argument that Mr. Weaver has benefitted financially from ivi's contacts with New York.

Each of these contentions has been rejected by this Court before. Indeed, the Court has previously held that acceptance of such arguments "would produce the intolerable result that every officer or director of a major company accused of a tort outside the state could be subject to personal jurisdiction here without regard to the individual's own activities." *AMPA Ltd. v. Kentfield Capital LLC*, 2001 U.S.Dist.LEXIS 2027, *14-15 (SDNY, March 1, 2001). Actions against corporate CEOs have been dismissed where the complaint does not allege specific facts to show that the CEO derived substantial income from commerce in the state. *Ahava Food Corp. v. Donnelly*, 2002 U.S.Dist.LEXIS 23756, *11 (SDNY, December 12, 2002).

It is well settled that where a corporation is doing business in New York, an officer of the corporation does not subject himself, individually, to jurisdiction unless he is doing business in New York individually. *Black v. USA Travel Auth., Inc.*, 2001 U.S.Dist.LEXIS 9297, *11-12 (SDNY, July 6, 2001). Thus, where the complaint only alleges that the individual defendant is a corporate officer or offers only broadly worded or vague allegations about the defendant's participation in the action allegedly taken in New York, courts have routinely granted motions to dismiss for lack of personal jurisdiction. *Barron Partners, LP v. Lab123, Inc.,* 2008 U.S.Dist.LEXIS 56899 (SDNY, July 25, 2008).

The Plaintiffs further contend that Mr. Weaver was acting as the agent of ivi with regard to the conduct alleged in the complaint. The complaint, however, contains no such allegations. It merely states that Mr. Weaver is believed to have been "personally responsible" for the actions of ivi. That allegation does not even remotely suggest that Mr. Weaver ever acted as an agent of ivi. Indeed, it does not allege that Mr. Weaver took any action at all, whether in his personal capacity or as an agent for ivi. Without such allegations, Mr. Weaver should be dismissed.

In order to present a case under agency theory, the Plaintiffs must establish that the actions of the alleged corporate agent were taken with the knowledge and consent of the officer for his benefit, and that the officer exercised control over the corporation. *AMPA Ltd. v. Kentfield Capital LLC*, 2001 U.S.Dist.LEXIS 2027 (SDNY, March 1, 2001). "To make a prima facie showing of 'control' a plaintiff's allegations must sufficiently detail the defendant's conduct so as to persuade a court that the defendant was a 'primary actor' in the specific matter in question; control cannot be shown based merely upon defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation." *Karabu Corp. v. Gitner,* 16 F.Supp.2d 319, 324 (S.D.N.Y. 1998). The Plaintiffs have utterly failed to meet this requirement. They do not detail Mr. Weaver's conduct and do not demonstrate that he was the primary actor. Instead, they do exactly what the *Karabu* court held a plaintiff cannot do: rely on Mr. Weaver's title and the conclusory allegation that he controls the corporation. In the absence of much more specific allegations, there has not been a prima facie allegation that Mr. Weaver is an agent of the corporation.

The Plaintiffs finally cite to passages from various persons allegedly quoting Mr. Weaver. At most, however, those passages simply demonstrate that Mr. Weaver was aware of ivi's actions. Nothing even remotely supports the proposition that Mr. Weaver controlled and directed the actions or that he has a financial interest in them. In every case, the quoted material simply describes ivi's conduct and none of it supports the notion that Mr. Weaver controlled or directed any of it.

In view of the vague and conclusory allegations of the complaint, together with the consistent authority from this district dismissing individual defendants based on such insufficient pleadings, Mr. Weaver should be dismissed for lack of personal jurisdiction.

### III.   CONCLUSION

Pursuant to 28 U.S.C. § 1404, and in the interests of justice, this action should be transferred to the United States District Court for the Western District of Washington at Seattle.

In the event it is not transferred, Mr. Weaver should be dismissed for lack of personal jurisdiction.

RESPECTFULLY SUBMITTED this 10th day of November, 2010.

BLACK LOWE & GRAHAM<sup>PLLC</sup>

*/s/ Lawrence D. Graham*

Lawrence D. Graham, WSBA No. 25,402
 Email: graham@blacklaw.com
Ellen M. Bierman, WSBA No. 23,224
 Email: bierman@blacklaw.com

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301