UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WPIX, INC., ET AL, <br><br> Plaintiffs, <br><br> v. <br><br> IVI, INC. and TODD WEAVER, <br><br> Defendants. | 10 Civ. 7415 (NRB) |

### <u>ANSWER TO FIRST AMENDED COMPLAINT</u>

Defendants ivi, Inc. and Todd Weaver answer the complaint as follows.

1.      The Defendants admit that on September 13, 2010 ivi began making secondary transmissions of primary transmissions that originated with one or more of the Plaintiffs, including transmissions from stations located in New York, Seattle, Los Angeles, and Chicago. The Defendants admit that express consent was not obtained, but deny that consent is required as a result of the statutory license under the Copyright Act. The Defendants deny all other allegations of paragraph 1 of the complaint.

2.      The Defendants lack information concerning whether any of the plaintiffs actually own any copyrighted programming at issue. The Defendants admit only that ivi offers access to television content previously broadcast by one or more of the plaintiffs and that such access was not expressly authorized by the Plaintiffs. The Defendants deny all other allegations of paragraph 2 of the complaint.

3.      The Defendants deny the allegations of the first sentence of paragraph 3. The Defendants admit only that ivi plans to offer secondary transmissions of broadcasts from other cities and to deliver content to mobile and set-top box devices, and deny all other allegations of paragraph 3 of the complaint.

1

4.      The Defendants deny paragraph 4 of the complaint.

5.      The Defendants admit that certain Plaintiffs demanded that ivi cease its television services and that ivi filed a complaint in the Western District of Washington a week before the Plaintiffs filed the present action here. The Defendants admit that the complaint was dismissed on January 20, 2011. The Defendants further admit that they were and remain "open to engaging in discussions" to explore direct contractual agreements with the plaintiffs, and that such has at all times been genuine. The Defendants deny all other allegations of paragraph 5 of the complaint.

6.      The Defendants admit only that the Copyright Act includes a statutory license allowing ivi to make secondary transmissions of original primary transmissions of broadcast television. The Defendants further admit that ivi claims that it qualifies for a compulsory license and is not governed by the FCC as set forth in the second and third sentences of paragraph 6. The Defendants deny all other allegations of paragraph 6 of the complaint.

7.      The Defendants deny paragraph 7 of the complaint.

8.      The Defendants admit that the Plaintiffs ask for relief in the complaint, but deny the Plaintiffs are entitled to such relief.

**Jurisdiction and Venue**

9.      Admitted.

10.     Admitted.

11.     The Defendants lack information regarding the ownership of the copyrighted materials at issue, and admit only that ivi captures the signals of programming originally transmitted by broadcast stations in this District. The Defendants lack information regarding the headquarters of the Plaintiffs. The Defendants deny all other allegations of paragraph 11 of the complaint.

**The Parties**

12.     The Defendants admit only that there are several Plaintiffs and that ivi is making secondary transmissions of broadcasts originating with some of the Plaintiffs. The Defendants deny all other allegations of paragraph 12 of the complaint.

13.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 13.

14.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 14.

15.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 15.

16.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 16.

17.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 17.

18.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 18.

19.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 19.

20.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 20.

21.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 21.

22.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 22.

23.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 23.

24.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 24.

25.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 25.

26.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 26.

27.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 27.

28.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 28.

29.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 29.

30.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 30.

31.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 31.

32.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 32.

33.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 33.

34.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 34.

35.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 35.

36.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 36.

37.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 37.

38.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 38.

39.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 39.

40.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 40.

41.     The Defendants deny that ivi currently has 12 full time employees, but admits the remainder of paragraph 41.

42.     The Defendants admit only that Weaver is ivi's founder and chief executive officer and a resident of Seattle, Washington, but deny all remaining allegations of paragraph 42 of the complaint.

**Nature of Alleged Claims**

43.     Admitted.

44.     Admitted.

45.     The Defendants admit the allegations of the first two sentences of paragraph 45. The Defendants deny the third sentence of paragraph 45.

46.     The Defendants admit only that express authorization has not been given, but deny that any such authorization is required.

47.     The Defendants admit that ivi plans to expand its service to additional markets and platforms, but deny all other allegations of paragraph 47.

48.     The Defendants admit the first two sentences of paragraph 48 as applied to ivi, but deny the allegations as applied to Weaver. The Defendants deny the last two sentences of paragraph 48.

49.     The Defendants deny their lawsuit was improper, but otherwise admit the allegations of paragraph 49.

50.     Denied.

### Allegations related to Weaver

51.     With respect to the first sentence of paragraph 51, the Defendants admit only that Weaver was personally involved in the enumerated activities, but deny all other allegations, and further deny that ivi's service is infringing. With respect to the last sentence of paragraph 51, the Defendants admit only that Weaver spent several years with a team developing the ivi service, that he supervised that team, and that he has an ownership interest in ivi. The Defendants deny all remaining allegations.

52.     The Defendants lack information regarding what is meant by "primary actor" and further deny there is any infringing activity, and therefore deny the allegations of paragraph 52.

53.     The Defendants admit only that Weaver initially scheduled appearances in New York City and other cities in relation to Internet television, but specifically deny that Weaver appeared in New York.

54.     The Defendants deny that Weaver released statements in his individual capacity. The Defendants admit that ivi issued press releases and that the press releases speak for themselves as to their content.

55.     The Defendants deny that Weaver released statements in his individual capacity. The Defendants admit that ivi issued press releases and that the press releases speak for themselves as to their content.

56.     The Defendants deny that Weaver released statements in his individual capacity. The Defendants admit that ivi issued press releases and that the press releases speak for themselves as to their content.

57.     The Defendants deny that Weaver released statements in his individual capacity. The Defendants admit that ivi issued press releases and that the press releases speak for themselves as to their content.

58.     The Defendants deny that Weaver released statements in his individual capacity. The Defendants admit that ivi issued press releases and that the press releases speak for themselves as to their content.

## Count One

59.     The Defendants incorporate by reference their answers above.

60.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 60.

61.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 61.

62.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 62.

63.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 63 concerning specific works allegedly owned by the Plaintiffs. The Copyright Act speaks for itself as to its terms.

64.     The Defendants lack information sufficient to admit or deny the allegations of paragraph 64 concerning specific works allegedly owned by the Plaintiffs. The Copyright Act speaks for itself as to its terms.

65.     The Defendants admit only that express authorization has not been given, but deny that any such authorization is required.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## Count 2

70.     The Defendants incorporate by reference their answers above.

71.     Denied.

## Demand for Jury

The Defendants demand a jury trial.

## Affirmative Defenses

1.  This Court lacks personal jurisdiction over Defendant Weaver.

2.  Defendant Weaver is not personally liable for any conduct of ivi.

3.  ivi's secondary transmissions do not infringe any copyrights in accordance with the statutory licensing provisions of the Copyright Act.

RESPECTFULLY SUBMITTED this 25th day of March, 2011.

BLACK LOWE & GRAHAM[PLLC]

S/ Ellen M. Bierman
Ellen M. Bierman, WSBA No. 23,224
 Email: bierman@blgip.com
Lawrence D. Graham, WSBA No. 25,402
 Email: graham@blgip.com
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
T: 206.381.3300
F: 206.381.3301

**Certificate of Service**

I certify that on March 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. A courtesy copy was sent via US Mail.

Peter L. Zimroth
Arnold & Porter LLP
399 Park Avenue
New York, NY
202.715.1000
Peter.zimroth@aporter.com

Robert A. Garrett
Hadrian R. Katz
C. Scott Morrow
Arnold & Porter, LLP
555 Twelfth Street, NW
Washington, DC 20004
202.942.5000
Robert.garrett@aporter.com
Hadrian.katz@aporter.com
Scott.morrow@aporter.com

s/ Sarah Gist